

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Craig Carpenito*
*United States Attorney*

*970 Broad Street, Suite 700*
*Newark , New Jersey 07102*

*(973) 645-2700*

April 28, 2020

Robert J. Anello, Esq.
Brian Jacobs, Esq.
Margaret Vasu, Esq.
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017

   Re: <u>Plea Agreement with Silviu Catalin Balaci</u>
     19-CR-877 (CCC)-05

Dear Counsel:

  This letter sets forth the plea agreement between your client, Silviu Catalin Balaci ("Balaci" or "Defendant"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Balaci to an Information that charges him with one count of conspiracy to (1) commit wire fraud, contrary to 18 U.S.C. § 1343, and (2) promote the sale of an unregistered security, contrary to 15 U.S.C. § 77e & 77x, in violation of 18 U.S.C. § 371.  If Balaci enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Balaci based upon his involvement, from in or around 2013 through in or around December 2019, in the Bitclub Network, as further detailed in the Information.  In addition, if Balaci fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 1 and 2 of the Indictment, Criminal No. 19-877, against Balaci. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Balaci agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Balaci may be commenced against him notwithstanding the expiration of the limitations period after Balaci signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Balaci agrees to plead guilty carries a statutory maximum prison sentence of five years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Balaci is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Balaci ultimately will receive. This Office agrees not to oppose any request by Balaci to have the time he has served in German custody apply to his sentence under 18 U.S.C. § 3585.

Further, in addition to imposing any other penalty on Balaci, the sentencing judge: (1) will order Balaci to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Balaci to pay restitution pursuant to 18 U.S.C. § 3663A et seq.; (3) may order Balaci, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583 may require Balaci to serve a term of supervised release of not more than three years, which term will begin at the expiration of any term of imprisonment imposed. Should Balaci be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Balaci may be sentenced to not more than two years' imprisonment, which term is in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Balaci agrees to make full restitution in the amount to be determined by the Court.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Balaci by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Balaci's activities and relevant conduct with respect to this case.

Stipulations

This Office and Balaci agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Balaci from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Extradition

Balaci agrees to forgo his right to formal extradition proceedings and consents to be extradited from Germany to the United States without a formal extradition proceeding, as a result of the arrest warrant issued by the U.S. District Court for the District of New Jersey in Crim. No. 19-877. Balaci further agrees to waive the rule of specialty. Balaci understands that, under German law and consistent with Articles 18 and 22 of the extradition treaty of

June 20, 1978 between the Federal Republic of Germany and the United States of America, his consent to be extradited and his waiver of the rule of specialty will be irrevocable after he is advised by a judge or competent magistrate in Germany. Balaci agrees further to take all reasonable effort to be extradited from Germany—including irrevocably agreeing under German law to be extradited—and promptly appear in U.S. District Court for the District of New Jersey for court proceedings in Crim. No. 19-877 (the "New Jersey Action").

Videoconference

Balaci consents, in light of the current global COVID-19 pandemic, and consistent with the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and Standing Order 2020-06 of the District of New Jersey, to appear through video or telephone conference with the U.S. District Court for the District of New Jersey for any and all hearings in this matter, including his bail hearings, initial appearance, arraignment, and guilty plea hearing, during which Balaci will plead guilty to the Information described herein. This Office agrees to work with the U.S. Office of International Affairs and German legal authorities to facilitate any such video or telephone conference appearance.

Conditions of Release

This Office agrees, based on the information available to it as of the date of this plea agreement, not to oppose Balaci's request for bail in the New Jersey Action. Balaci agrees, if he is granted bail, to abide by all of the conditions imposed by the U.S. District Court for the District of New Jersey as part of his release. This Office further agrees not to oppose any request made by Balaci to reside in Germany during the pendency of the New Jersey Action (except to attend Court hearings and trial in the New Jersey Action). However, Balaci agrees that if the Court finds that Balaci has materially failed to abide by any of the release conditions imposed by the Court in the New Jersey Action, the Government will be released from its obligations pursuant to this paragraph. Nothing in this paragraph prohibits the Government from notifying the District Court and/or U.S. Pretrial Services of information regarding Balaci's compliance with the conditions of release or otherwise from acting in accordance with 18 U.S.C. § 3148(b).

This Office further agrees not to oppose Balaci's pretrial release in Germany pending his simplified extradition to the United States, subject to Balaci's abiding by the terms of pretrial release imposed by the German authorities.

Sentence

This Office agrees, based on the information available to it as of the date of this plea agreement, not to oppose any request by Balaci to serve any sentence of imprisonment he receives in the New Jersey Action in Germany or Romania.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Balaci waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Balaci agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds he obtained that are traceable to the conspiracy offense charged in the Information.  Balaci further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by him (the "Money Judgment").  Balaci consents to the entry of an order requiring him to pay the Money Judgment, in an amount to be agreed upon by the parties by the date of sentencing in this case, in the manner described below (the "Order"), and that the Order will be final as to Balaci prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.  In the event this Office and Balaci fail to reach an agreement on the Money Judgment prior to sentencing Balaci agrees that the amount of the Money Judgment will be determined by the Court at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Balaci acknowledges that the Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to the conspiracy offense, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 371, charged in the Information, to which Balaci is pleading guilty.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Balaci's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset

Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Balaci waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  He understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  He waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.  It is further understood that any forfeiture of Balaci's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.  The Government reserves the right to pursue discovery in aid of forfeiture and sentencing.

Balaci further agrees that within 10 days after he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.  If Balaci fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Balaci has intentionally failed to disclose assets on his Financial Disclosure Statement, Balaci agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Balaci understands that because he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, inadmissible, and/or ending his naturalization.  Balaci understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Balaci wants and agrees to plead guilty to the charged offense, knowing that this plea will result in his removal from the United States.  Balaci wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  Balaci understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, Balaci

waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Balaci. This agreement does not prohibit the United States, any agency thereof (including the Securities and Exchange Commission, the Federal Trade Commission, the Internal Revenue Service, and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Balaci.

No provision of this agreement shall preclude Balaci from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Balaci received constitutionally ineffective assistance of counsel under the U.S. Constitution.

No Other Promises

        This agreement constitutes the plea agreement between Balaci and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        CRAIG CARPENITO
        United States Attorney

        By:  Jamie L. Hoxie
        Anthony P. Torntore
        Assistant U.S. Attorneys

APPROVED:

David W. Feder
Chief, Cybercrime Unit

      I have received this letter from my attorneys, Robert J. Anello, Brian Jacobs, and Margaret Vasu. I speak, read, and fully understand the English language and do not need this letter translated into another language. My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, extradition, videoconferencing, conditions of release, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement, and I want to consent to simplified extradition from Germany.

AGREED AND ACCEPTED:

_____  Date: 05.05.2020
Silviu Catalin Balaci

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, extradition, videoconferencing, conditions of release, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 5/7/20
Robert J. Anello, Esq.
Brian Jacobs, Esq.
Margaret Vasu, Esq.

Plea Agreement with Silviu Catalin Balaci

Schedule A

1. This Office and Balaci agree to stipulate to the following facts:

a. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

b. From April 2014 through December 2019, Balaci conspired and agreed with Matthew Brent Goettsche ("Goettsche"), Russ Albert Medlin ("Medlin"), and others to devise a scheme and artifice to defraud, and to obtain money and property from victims by means of false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice to defraud, to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds; and to directly and indirectly willfully offer and sell securities that were not registered with the U.S. Securities and Exchange Commission ("SEC").

c. Starting in or around April 2014, Balaci and Goettsche discussed the idea of creating a multi-level marketing scheme predicated on pooled investments in bitcoin mining, in which the majority of investors would not receive a meaningful return on their investments.

d. Balaci conspired with Goettsche, Medlin, and others to create and promote the BitClub Network ("BCN"), which purported to offer shares in bitcoin mining pools. As a part of his role in the conspiracy, Balaci created the BCN pool and created and managed the back-end operations of websites that were used to facilitate investment in BCN.

e. During the conspiracy, Balaci discussed with Goettsche that investing solely in the mining of bitcoin would not be profitable initially, particularly under the procedures adopted for investment in BCN, which allocated a percentage of investor funds to pay others for recruiting new investors.

f. At its outset, BCN, including Goettsche and Medlin, accepted money from BCN investors for a share in bitcoin mining pools when, in fact, BCN did not have a bitcoin mining pool, and BCN was not mining bitcoin. To further facilitate the fraud, Balaci assisted Goettsche and Medlin in using a BCN website to show BCN investors false figures that BCN represented were actual bitcoin mining earnings from the pool.

        g. During the course of the conspiracy, Balaci knew that investors in BCN were being told false and misleading information by Goettsche, Medlin, and others about the nature of their investment in BCN. Balaci assisted Goettsche, Medlin, and others in defrauding BCN investors.

        h. During the course of the conspiracy, Balaci assisted Goettsche, Medlin, and others with promoting investment in shares of BCN.

        i. The shares in BCN mining pools that Goettsche, Medlin, and others offered to investors were "securities" as that term is defined by Title 15, United States Code, Section 77b(a)(1). BCN did not file a registration statement to register shares of BCN with the SEC. Goettsche and other members of the conspiracy sold and caused to be sold shares in BCN to U.S. investors in the United States throughout the course of BCN's existence.

        2. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.